UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NDL KEG INC. and NDL KEG
QINGDAO INC.,

    Plaintiffs,

v.                                                Case No: 6:18-cv-168-Orl-22TBS

GLOBAL KEG RENTAL LLC, BOBBY
L. MOORE and PAUL BARRY,

    Defendants.

## ORDER

This case comes before the Court *sua sponte*. Plaintiffs have invoked the Court's diversity jurisdiction. They allege that they are foreign corporations with their principal offices located in China (Doc. 1, ¶¶ 1-2). Plaintiffs allege that Defendant Global Keg Rental LLC is a Nevada corporation with its principal office located in Florida, and that Defendants Bobby L. Moore and Paul Barry reside in Florida and New York (Id., ¶¶ 3-5).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. Id. "The burden of pleading diversity of

citizenship is upon the party invoking federal jurisdiction." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).

Plaintiffs have failed to allege the countries and/or states of this country in they were incorporated.

It appears that Global Keg Rental is a limited liability company and thus, a "citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff has failed to allege the identity and citizenship of Defendant's members. Citizenship for diversity jurisdiction purposes is a conclusion of law reached by applying legal rules for determining citizenship to facts about each party. Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1190 (9th Cir. 1970). Plaintiff must "allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." Travaglio v. American Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added).

For an individual, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction .... And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]'" Travaglio, 735 F.3d at 1269 (quotations omitted) (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58) (11th Cir. 2002)). "Residence alone is not enough" to establish the citizenship of an individual. Id. (citing Denny v. Pironi, 141 U.S. 121, 122 (1891)). Plaintiffs have failed to allege where Bobby L. Moore and Paul Barry are domiciled.

Plaintiffs have through February 27, 2018 to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiffs' response must: (1) include the country and or state in which each was incorporated; (2) identify (by name or by type of entity–e.g., corporation, LLC, limited partnership, trust) and state the citizenship of each of Global Keg Rental's members (and if necessary, the members' members, and so on), at the time this case was filed; and (3) provide Bobby L. Moore and Paul Barry's places of domicile.

Plaintiffs' response to this Order should be supported by evidence, Travaglio, 735 F.3d at 1269, which may include admissions and stipulations to facts establishing jurisdictional elements, Brown v. Royal Caribbean Cruises, Ltd., 549 FED. APPX. 861, 863 (11th Cir. 2013) (citing Travaglio, 735 F.3d at 1269-70; In re CP Ships Ltd. Securities Litigation, 578 F.3d 1306, 1311 (11th Cir. 2009)).

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties