UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NDL KEG INC. and NDL KEG QINGDAO INC.,

    Plaintiffs,

v.                                               Case No: 6:18-cv-168-Orl-22TBS

GLOBAL KEG RENTAL LLC, BOBBY L. MOORE and PAUL BARRY,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiffs seek to invoke the Court's diversity jurisdiction over their state law claims against Defendants (Doc. 1). Upon *sua sponte* review, I found Plaintiffs' jurisdictional allegations lacking and issued an Order to show cause why this case should not be dismissed for failure to establish jurisdiction (Doc. 7). Plaintiffs have filed their response (Doc. 21). Upon review of the response, I respectfully recommend that Plaintiffs' complaint be **dismissed** for failure to establish subject matter jurisdiction.

## I. Background

Plaintiffs allege that they are foreign corporations with their principal offices located in China (Doc. 1, ¶¶ 1-2). Their complaint avers that Defendant Global Keg Rental LLC is a Nevada corporation with its principal office located in Florida, and Defendants Bobby L. Moore and Paul Barry reside in Florida and New York (Id., ¶¶ 3-5). Because Plaintiffs' complaint fails to identify the country or state in which they were incorporated, the members of Defendant Global Keg Rental LLC, or the place of domicile for Defendants Bobby L. Moore and Paul Barry, the show cause Order was issued (Doc. 7). My Order

directed Plaintiffs to (1) provide the country and or state in which each was incorporated; (2) identify (by name or by type of entity–e.g., corporation, LLC, limited partnership, trust) and state the citizenship of each of Global Keg Rental's members (and if necessary, the members' members, and so on), at the time this case was filed; and (3) provide Bobby L. Moore and Paul Barry's places of domicile (Id. at 3). Plaintiffs were advised that their response "should be supported by evidence ... which may include admissions and stipulations to facts establishing jurisdictional elements" Id. (cases omitted). Plaintiffs' response states that:

    (1) NDL Keg, Inc. is incorporated in the British Virgin Islands;

    (2) NDL Qingdao Inc. is incorporated in China;

    (3) "To the best of the Plaintiffs' knowledge," Bobby L. Moore is domiciled in Florida;

    (4) "To the best of the Plaintiffs' knowledge," Paul Barry is domiciled in New York;

    (5) "To the best of the Plaintiffs' knowledge," the members of Global Keg Rental LLC are:

        (a) Paul Barry, domiciled in New York;

        (b) Cary Erfurth, domiciled in Florida;

        (c) Patrick Perrot (believed to be deceased);

        (d) Lugus Capital, incorporated in Ireland;

        (e) BCW Deal Fees (unknown); and

        (f) Steve Farkas, domiciled in Florida.

(Doc. 21 at 2).

    Attached to Plaintiffs' response is a certificate of incorporation for NDL Keg (Doc. 21-1) and what appears to be a webpage for "NDL" which lists offices in Michigan,

Canada, the United Kingdom, Sweden, Germany, and China (Doc. 21-2). Plaintiffs represent that they will file an amended complaint by March 14, 2018, to include this information and say that pleading "will contain the proper party information based on Defendant Global Keg Rental LLC's Certificate of Interested Persons and Corporate Disclosure Statement to be filed with this Court on or by March 7, 2018." (Doc. 21 at 3).

## II. Discussion

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. Id. "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).

As this Court knows, residence and citizenship are not the same thing. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (domicile requires both residence in a state and "an intention to remain there

indefinitely...." Id. at 1258) (internal quotation marks omitted). Plaintiffs' allegations and showing as to the individual Defendants' citizenship are insufficient to establish diversity jurisdiction. Although Plaintiffs assert domicile "on information and belief," they fail to provide any information and no factual basis for their belief.

For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). A limited liability company is a "citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

Plaintiffs assert that NDL Keg Inc. is a citizen of BVI with principal offices in China and NDL Keg Qingdao, Inc. is a citizen of China with principal offices in China (Doc. 1, ¶¶ 1, 2). But, in their Certificate of Interested Persons, Plaintiffs do not name NDL Keg Inc. as having any interest in the outcome of this action. Instead, they identify "NDL Keg **LLC, a Michigan Limited Company**" (Doc. 19 at 1) as having an interest, and identify "NDL Keg Qingdao Inc., **a Chinese Limited Liability Company**" as a victim (Doc. 19 at 3). This leads me to believe that the correct plaintiffs and all members of same are not properly identified.

Additionally, Plaintiffs have not provided the citizenship of every member of Defendant Global Keg Rental LLC. They have not established the principal place of

- 4 -

business for "Lugus Capital, incorporated in Ireland" and have provided no information as to "BCW Deal Fees." In their Notice of Pendency of Other Actions, Plaintiffs list a related action filed in the United States District Court for the Eastern District of Michigan (Doc. 18). The complaint filed by these Plaintiffs (as well as NDL Keg LLC) in that action includes the following averment:

> 4. NDL Keg [LLC] owns a five percent (5%) interest in Defendant Global Keg [Rental LLC]. The other members of Defendant Global Keg are Defendant Bobby L. Moore, though his entity Echodog Industries, Inc., which owns 85.975%, and Global Keg Rental Investments LLC, which owns a 9.025% interest.

NDL Keg LLC, et al v. Global Keg Rental LLC, et al., Case No. 2:17-cv-14129-OHC-SDD (E.D. Michigan Dec. 12, 2017) (Doc. 1, ¶ 4 in that case). Despite this admission, neither NDL Keg LLC or any of its members is listed here as a member of Defendant Global Keg.[1] To the extent either Plaintiff is, itself, a member of NDL Keg LLC, or to the extent either shares citizenship with it, as Defendant Global Keg Rental LLC is deemed a citizen of whichever state(s) NDL Keg LLC is a citizen, it would seem that diversity jurisdiction cannot be established.

Citizenship for diversity jurisdiction purposes is a conclusion of law reached by applying legal rules for determining citizenship to facts about each party. Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1190 (9th Cir. 1970). Plaintiff must "allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." Travaglio v. American Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). As Plaintiffs have not made an adequate showing, despite ample opportunity, I recommend that their complaint be

---

[1] Complicating matters further, Plaintiffs identify "Global Keg Rental **Investments** LLC" in their Certificate of Interested Persons filed here (Doc. 19 at 1).

**dismissed** without prejudice to the pursuit of their claims in state court.[2] I further recommend that the Clerk be directed to close the file.

### III. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 28, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties

---

[2] Plaintiffs assert that they will be filing an amended complaint after the LLC defendant has filed its Certificate of Interested Persons. I see no reason to conclude that this will cure the defects presented here. The LLC defendant is not required to identify citizenship of the individual defendants in the certificate. And, Plaintiffs have had three weeks to marshal the missing details and have not sought an extension of time for jurisdictional discovery or shown any diligence in obtaining the information. Too, the Michigan action was voluntarily dismissed following issuance of a show cause order regarding absence of diversity. See docket in Case No. 2:17-cv-14129.